# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 15, 2012

## DEWONE ALEXANDER v. TENNESSEE DEPARTMENT OF CORRECTION

**Direct Appeal from the Chancery Court for Wayne County**
**No. 2011-CV-5002     Stella Hargrove, Chancellor**

---

**No. M2012-00245-COA-R3-CV - Filed January 2, 2013**

---

A prison inmate filed a petition for writ of certiorari in the chancery court, seeking review of a prison disciplinary action. Numerous respondents were listed in the complaint, and one respondent filed a motion to dismiss. The trial court granted the respondent's motion to dismiss because, among other things, the petition was not verified or sworn, and it did not state that it was the first application for the writ. The petitioner appeals. We dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Dewone Alexander, Henning, Tennessee, *pro se*

James I. Pentecost, Brittani C. Kendrick, Jackson, Tennessee, for the appellee, Gloria Lang

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Dewone Alexander ("Petitioner") is a prisoner at the South Central Correctional Facility, located in Wayne County, Tennessee. The prison facility is managed by a private corporation called Corrections Corporation of America. Petitioner was charged with the disciplinary offense of Assault (minor injury), and he was found guilty following a hearing on November 22, 2010. Petitioner filed timely appeals to the prison warden and to the Commissioner of Correction and his final appeal was denied on January 4, 2011.

On March 15, 2011, Petitioner filed a petition for writ of certiorari in the Davidson County Chancery Court, seeking review of the prison disciplinary action. The petition named as respondents: the Tennessee Department of Correction, several specifically-named individuals who apparently work at the prison, and also, "all staff members at S.C.C.F." The only respondent who was served was an individual named Gloria Lang. Ms. Lang was not a specifically-named respondent, and she was not mentioned by name in the petition, but she was an employee of Corrections Corporation of America and was apparently one of the "staff members at S.C.C.F."[1]

The Davidson County Chancery Court entered an order transferring the case to Wayne County on the basis of improper venue. There, Ms. Lang filed a motion to dismiss the petition on numerous grounds. She alleged that the trial court lacked subject matter jurisdiction over the petition because it was not filed within sixty days of the challenged action, the petition was not supported by oath or affirmation, and it did not state that it was the first application for the writ. Ms. Lang also alleged that the petition failed to state a claim as to her, because the TDOC has the sole authority to punish prisoners for disciplinary infractions, and according to Ms. Lang, a petition for writ of certiorari challenging a disciplinary action, but directed to an employee of a private corporation who operates the prison, fails to state a cause of action.

The trial court entered an order granting Ms. Lang's motion to dismiss, simply stating that the motion was well-taken and that the claims against Ms. Lang were dismissed. The order further stated that it was "a final judgment as to the sole served Respondent in this matter." Petitioner filed a notice of appeal.

---

[1] One document filed in the trial court by Petitioner referred to "SCO Lange" as the chairperson of the prison disciplinary board, but it is not clear whether this was in reference to Gloria Lang. The petition for writ of certiorari listed as a specifically-named respondent "Chairperson D-Board SCO Kirby."

## II. DISCUSSION

Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. "A final judgment therefore is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009) (citing *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). Simply put, "[a]n order that fails to adjudicate all of the parties' claims is unenforceable and not subject to appeal." *Id.* at 836 (citing Tenn. R. App. P. 3(a)).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record in this matter to determine if this Court had subject matter jurisdiction. After this review, it appeared to the Court that it did not have jurisdiction, because Appellant brought this action in the trial court against multiple defendants, and the order appealed adjudicated Appellant's claims as to only one defendant. Although the order purported to be a final judgment by stating that it was "a final judgment as to [Ms. Lang]," the order did not comply with the requirements of Rule 54.02 of the Tennessee Rules of Civil Procedure,[2] which provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added). The order appealed did not contain the "magic language" required by Rule 54.02, *i.e.*, the order did not contain an express determination that there was no just

---

[2] "[T]he purpose of Rule 54.02 is to allow the trial court to convert an interlocutory ruling into an appealable order[.]" *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 48-49 (Tenn. 2012).

reason for delay or an express direction for the entry of judgment.

On November 7, 2012, this Court entered an order setting forth the jurisdictional concerns discussed above, and we directed Appellant to obtain entry of a final judgment in the trial court within ten days of the entry of our Order. Appellant failed to comply with this order, and therefore, we find that we must dismiss his appeal for lack of subject matter jurisdiction.

### III. CONCLUSION

For the aforementioned reasons, this appeal is hereby dismissed. Costs of this appeal are taxed to the appellant, Dewone Alexander, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.